IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ABDULRAZAK BATUN, | ) | 8:14CV217 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| OMAHA HOUSING AUTHORITY, | ) | |
| CLIFFORD SCOTT, and CINDY | ) | |
| COSENTINO, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on July 25, 2014. (Filing No. 1.) The court has given Plaintiff leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.  SUMMARY OF COMPLAINT

Plaintiff is a resident of Omaha, Nebraska, and is a practicing Muslim. During the events described in the Complaint, Plaintiff lived at the Jackson Tower apartment complex in Omaha, Nebraska. Plaintiff alleges Jackson Tower is owned and operated by the Omaha Housing Authority ("OHA"). Plaintiff alleges he was subject to discriminatory statements and actions by employees of the OHA and tenants acting at the direction of the OHA. For example, Plaintiff alleges Defendant Cindy Cosentino gave Plaintiff a book about Islamic terrorism and made threats to him based on his religion. Plaintiff alleges he complained to OHA officials about the discriminatory statements and harassment—including to Defendant Clifford Scott—but his complaints were ignored. All of this apparently culminated in Plaintiff's eviction on August 15, 2012.

## II. APPLICABLE LEGAL STANDARD

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). A pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. LEGAL ANALYSIS

The Fair Housing Act ("FHA") prevents discrimination "against any person in terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). In addition to claims based on discrimination, the FHA makes it "unlawful to coerce, intimidate, threaten, or interfere with any person" attempting to exercise his rights under the FHA. 42 U.S.C. § 3617. A tenant subject to unlawful discrimination pursuant to the FHA can bring a private cause of action seeking damages. 42 U.S.C. § 3613; *Neudecker v. Boisclair Corp*, 351 F.3d 361, 363 (8th Cir. 2003).

Plaintiff is a Muslim. He alleges employees of the OHA and tenants of his apartment complex made discriminatory statements about his religion to him. The Complaint further alleges other tenants took discriminatory actions against him. He also alleges that his complaints about the statements and actions to the OHA were largely ignored and that he was eventually evicted as a result of his religion and/or his actions in complaining about the treatment he allegedly received while a resident of the Jackson Tower apartment complex. Liberally construed, Plaintiff's Complaint states a claim for relief under the FHA. Accordingly, the claim may proceed to service of process. The court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### IV.  MOTION TO APPOINT COUNSEL

Plaintiff filed a motion seeking the appointment of counsel. (Filing No. 6.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. Thus, the request for the appointment of counsel is denied without prejudice to reassertion.

IT THEREFORE ORDERED that:

1.  Plaintiff's claims against Defendants may proceed and service is warranted.

2.  To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send three summons forms and three USM-285 forms to Plaintiff together

with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

3. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

4. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

6. The Clerk of the court is directed to set a pro se case management deadline in this case with the following text: **March 31, 2015**: Check for completion of service of summons.

7. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

      8.      Plaintiff's Motion to Appoint Counsel (Filing No. 6) is denied without prejudice to reassertion.

      DATED this 1st day of December, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.